# MEMORANDUM

OF

# A CASE NOT REPORTED IN FULL.

SOLOMON MARX AND ANOTHER, RESPONDENTS, *v.* BERNARD
SPAULDING AND ONE ROBERT W. TAILER, A WITNESS,
APPELLANTS.

*Examination of a witness in supplementary proceedings — Code of Civil Procedure,*
*sec. 2460 — what questions, as to his having in his hands money of the debtor, he*
*may be compelled to answer — when he should not be compelled to sign the deposition.*

APPEAL by Robert W. Tailer from an order of M. Justice
BARRETT directing him, as a witness in supplementary proceedings,
to answer certain questions which he had been directed to answer
by the referee in the proceedings and had declined to answer.

The plaintiffs are judgment creditors of Bernard Spaulding, in
the sum of $23,000, embraced in four judgments. They procured
an order for his examination in supplementary proceedings before
a referee. Before calling Tailer as a witness the debtor and three
other witnesses had been examined. Their testimony tended to
show a large amount of money to be in the hands of this witness
belonging to the debtor. Tailer was represented by counsel upon
the examination. who interposed objections to almost every ques-
tion asked the witness, including each of the five questions which,
under the order appealed from, he has been directed to answer.
It is intended by these questions to prove that Tailer held three
lots of land at Fiftieth street and Fourth avenue, as security for
$30,000, which the debtor owed him; that he obtained the title to
these three lots upon the arrangement that he should hold them
merely as security for this debt; that he has sold the property, and
has now about $15,000 of the proceeds in his possession.

The court at General Term said: "We think the order in this
case should be affirmed. The provisions of section 2460 of the
Code authorized the examination which was contemplated by

the questions which were objected to, and which the learned justice in the court below decided to be perfectly proper. The section referred to provides that the witness shall not be excused from answering a question on the ground that his examination will tend to convict him of the commission of a fraud, or to prove that he has been a party or privy to or knowing of a conveyance, assignment, transfer or other disposition of property for any purpose, or that he or another person claims to be entitled, as against a judgment creditor, or a receiver appointed, or to be appointed, in a special proceeding to hold property derived from or through the judgment debtor; and this embraces the object in view by the examination. We think, however, that the witness should not be required to sign his deposition, inasmuch as his so doing might, in view of some authorities, subject him to a legal liability not otherwise existing.

" The order to be entered upon this appeal should contain a provision to the effect that the witness shall not be required to sign his deposition, and that his examination shall be without prejudice to any of his legal righs, and the order, as so modified, should be affirmed, without costs to either party."

*Burnett & Whitney*, for the appellant.

*S. Untermeyer*, for the respondent.

Opinion *Per Curiam.*

Present — VAN BRUNT, P. J., BRADY and DANIELS, JJ.

Order modified by providing that the witness shall not be required to sign his deposition, and that his examination shall be without prejudice to any of his legal rights, and as so modified affirmed, without costs